## WILLIAM RUPP *vs.* GEORGE R. SAMPSON & another.

If a middleman brings together a buyer and a seller, each of whom has agreed, without the knowledge of the other, to pay the middleman a commission on any contract which may be made between them, and a contract is made between them, in the making of which the middleman takes no part as agent for either, the conduct of the middleman in concealing from each his agreement with the other is not fraudulent, and is no defence to an action brought by him against either to recover the commission agreed upon.

In an action on an agreement made by the seller to pay a commission on the contract made by him with a buyer to a person who brought them together, but took no part as agent for either in the making of the contract, evidence to prove a usage among brokers, as to the time when a commission is to be considered as earned, is inadmissible.

ACTION OF CONTRACT for services rendered by the plaintiff to the defendants, according to an account annexed, namely, for " brokerage " at the rate of one per cent. " as per agreement " on rattans imported in ships Brothers and Merrimack. Trial in the superior court before *Brigham,* J., who signed the following bill of exeptions :

" There was evidence tending to prove that the plaintiff in 1858, in consequence of communications had by him with one Clew of New York, had interviews and conversations with the defendants, who were partners under the style of Sampson & Tappan and owners of ships employed in the East India trade, in relation to the terms upon which they had imported and would import rattans into New York ; that the plaintiff communicated the result of these interviews and conversations to Clew, and told him, amongst other things, that the defendants desired a personal interview, and thereupon Clew came to Boston, and was introduced by the plaintiff to the defendants ; that thereupon Clew and the defendants made a contract for an importation of rattans by the defendants' ship Huzzar into New York ; that when this contract was concluded, and after Clew had left their presence, the plaintiff said to the defendants that he expected to be paid commissions, having had a good deal of trouble in bringing the parties together ; that after some discussion between them as to this claim, the defendant Tap-

pan, desiring to consult his partner, requested the plaintiff to call next day, which he did, when the plaintiff and defendants agreed that the plaintiff should receive one per cent. commis‹ sions on the bargain made in reference to the importation bу the Huzzar, and on all subsequent bargains between the parties; and that the plaintiff requested the defendants not to disclose to Clew their agreement about commissions. There was also evidence tending to prove that, before Clew made any contract with the defendants or made their personal acquaintance, he had agreed to pay the plaintiff one per cent. commission for bringing him in contact with parties who would do the business of importing rattans for him, and that this agreement was never disclosed to the defendants.

"After the contract for the importation of rattans by the Huzzar, Clew and the defendants made like contracts for the importations of rattans by ships Nightingale, Brothers, and Merrimack. The contracts for importations by the Huzzar and the Nightingale were fulfilled by Clew and the defendants, and the plaintiff received his one per cent. commissions on these contracts from Clew as well as from the defendants. The rattans imported by the Merrimack and the Brothers were refused and not received by Clew, and neither the defendants nor Clew paid the plaintiff commissions upon the contracts made in reference to these ships.

" There was evidence tending to prove that the several contracts referred to were made by Clew and the defendants, without the aid, assistance or intervention of the plaintiff, except as before stated. There was also evidence tending to prove that the plaintiff had acted as a real estate agent for his mother, bought and sold stocks sometimes, but was not a merchandise broker, and had never acted in that character before the transactions herein referred to.

" The defendants offered evidence as to the time when, by the usages of trade, commissions are considered to be earned by persons acting as brokers between parties buying and selling. This evidence, upon objection on the part of the plaintiff, was excluded.

" The jury were instructed, among other things, that if the plaintiff was employed by Clew to make contracts for the importation of rattans by the defendants, for commissions to be paid by Clew, he was the agent of Clew to act for his benefit, and his relation to Clew was adverse to the interests of the defendants; and if afterwards employed by the defendants to contract for such importations, for commissions, in the belief that he was acting as their agent to make sales for their benefit, the plaintiff's failure to disclose his relation to Clew would operate as a fraud upon the defendants, and would prevent him from recovering commissions of them; but if it was understood and agreed between the plaintiff and defendants, that the plaintiff was to receive commissions for introducing Clew to them, so that by means of the acquaintance thus procured they could personally make contracts for importations of rattans with Clew, and they, by means of such acquaintance, personally undertook to make and made such contracts with Clew, the plaintiff taking no part as the agent, or for the interest of either party, to buy or to sell, his relation to Clew was not adverse to the interests of the defendants, and his failure to disclose his relation to Clew in the transactions was not so far fraudulent as to prevent his recovering such commissions, if the jury, under the other instructions of the court, found that the same had been earned and were due when the plaintiff brought his action."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*C. A. Welch*, for the defendants.

*J. W. May*, for the plaintiff.

Bigelow, C. J. We can see nothing in the conduct of the plaintiff which was fraudulent, or which operated to deceive the defendants in making the agreement to pay him for his services. He made no false representations to them. They knew the nature and value of his services, and the extent to which they were beneficial to them. It was wholly immaterial that he was also to receive compensation from the other party. It might well be that the services of the plaintiff were of value to both parties, and that each might be willing to pay accord-

ing to the benefit received by each. We know of no principle of law, on which an agreement to pay for services rendered, honestly entered into, can be avoided on the ground that another person, having interests wholly distinct and independent, has stipulated by a separate contract to pay for the same services. Both contracts are valid; they are made upon good consideration; and each agrees to make compensation for a benefit which he expects to receive from the bargain. In the present case, there is nothing to show that the commissions which the plaintiff was to receive from both parties were excessive or unreasonable, or that they would together constitute an unusual or extraordinary compensation for the services rendered by him. On the contrary, the jury have found, under the instructions given by the court, that the sum claimed of the defendants had been earned and was due when this action was brought, notwithstanding the contract with the other party for the payment of a like sum. The claim of the plaintiff would have stood on a very different ground if he had been employed as a broker to buy or sell goods. It would in such case have been a fraud for him to conceal his agency for one from the other. The interests of buyer and seller are necessarily adverse, and it would operate as a surprise on the confidence of both parties, and essentially affect their respective interests, if one person should without their knowledge act as the agent of both. *Farebrother* v. *Simmons,* 5 B. & Ald. 333. Story on Agency, § 31. But the plaintiff did not act in any such capacity. He was not an agent to buy or sell, but only acted as a middleman to bring the parties together, in order to enable them to make their own contracts. He stood entirely indifferent between them, and held no such relation in consequence of his agency as to render his action adverse to the interests of either party. This distinction was taken at the trial, and carefully and accurately stated in the instructions given to the jury.

The evidence offered by the defendants as to the usages of trade was rightly rejected, because it related to a class of contracts unlike that which was in issue in the present case. It was therefore irrelevant. *Exceptions overruled.*